# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60754
Summary Calendar

YU CHUN LIAN

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 505 480

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yu Chun Lian, a native and citizen of China, was ordered removed in absentia after he failed to appear at a 1999 removal hearing. In 2005, Lian filed a second motion to reopen the 1999 removal order. In his petition for review, Lian argues that the Board of Immigration Appeals (BIA) abused its discretion by dismissing his appeal from the immigration judge's (IJ's) order denying that motion. Lian does not dispute that his motion to reopen is his second and that it is facially untimely, but instead argues that the "ordinary limits on filing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to reopen are not implicated" in his case because his motion was based on new and material evidence establishing changed country conditions in China.

This court has jurisdiction to review the denial of an untimely motion to reopen based on changed circumstances in the alien's home country. Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005). The denial of the motion is reviewed for an abuse of discretion, and the factual findings are review for substantial evidence. Id.

The numerical and time limitations on motions to reopen do not apply where the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." See 8 C.F.R. § 1003.2(c)(3)(ii); 8 C.F.R. § 1003.23(b)(4)(ii).

Lian has not shown that the BIA failed to consider the State Department Report on Country Conditions. Rather, the BIA found that the documentary evidence submitted by Lian, including the Country Report, reflected no change in the conditions in China and that the evidence did not demonstrate that the Chinese Government had a national policy of requiring forced sterilization of parents who return with a second child born outside of China. See In re J-W-S, 24 I. & N. Dec. 185, 192 (BIA 2007). We decline to address Lian's argument that he is eligible for the underlying substantive relief of asylum, the withholding of removal, and protection under the Convention Against Torture. See INS v. Orlando Ventura, 537 U.S. 12, 16-17 (2002).

PETITION DENIED.