IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-60237
Summary Calendar

SULTAN ALI HIMANI; SHAHEEN HIMANI

Petitioners

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79-011-597
BIA No. A79-011-598

Before KING, GARWOOD and BARKSDALE, Circuit Judges.
PER CURIAM:[*]

The petitioners, Sultan Ali Himani (Sultan) and Shaheen Himani (Shaheen), are a father and son, respectively, and are natives and citizens of Pakistan. In December 2000, Sultan and Shaheen left Pakistan and arrived in the United States, with authorization to stay for not more than six months. They remained in the country longer than authorized and were ultimately charged with removal. They conceded removability but applied for withholding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of removal, asserting that they were entitled to withholding of removal based on membership in a particular social group and political opinion. The Immigration Judge denied their application for withholding of removal. The Board of Immigration Appeals (BIA) dismissed the appeal and this court denied their petition for review. Himani v. Gonzales, 246 F. App'x 879, 880 (5th Cir. 2007). Thereafter, the petitioners filed a motion to reopen with the BIA, arguing that a change in country circumstances had arisen since their last immigration hearing. The BIA denied the motion to reopen, and the petitioners timely filed a petition for review of that decision.

The petitioners argue that the BIA's denial of their motion to reopen was an abuse of discretion. They argue that a faction of the Mohajirs Quami Movement ("MQM") has formed a coalition with the Pakistani government and that there is countrywide persecution of rival factions, including persecution of members of the MQM-Haqiqi faction, of which Sultan was a member. They argue that this change in country circumstances arose since their last immigration hearing, substantiates their claims of persecution, and establishes that they will be persecuted if they return to Pakistan.

Pursuant to 8 C.F.R. § 1003.2(c)(2), the petitioners' motion to reopen was not timely filed. However, the time limitation on motions to reopen does not apply where the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." See § 1003.2(c)(3)(ii). This court has jurisdiction to review the BIA's denial of an untimely motion to reopen based on changed circumstances in the alien's home country. See Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005). The grant of a motion to reopen is discretionary relief, and the Attorney General has broad discretion to grant or deny such a motion. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

In reviewing the BIA's denial of a motion to reopen, this court applies a highly deferential abuse of discretion standard, regardless of the basis of the alien's request for relief.  Id.  There is no abuse of discretion where the BIA's decision "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1983) (internal quotation marks and citation omitted).

The petitioners have failed to establish that the BIA abused its discretion. First, as the BIA concluded, although the petitioners' assertions in their motion to reopen were regarding recent events in Pakistan, testimony at the immigration hearing and documentary evidence indicates that the more recent events set forth in the motion to reopen were simply a continuation of the Pakistani government's suppression of non-government supporters that has been ongoing, well prior to the petitioners' immigration hearing in May 2004.[1]  Thus,

---

[1]We note, for example, that at the May 2004 hearing Sultan testified on direct examination in part as follows:

"Q:     And did you have any problem with the police in Pakistan?
A:     Not from the regular police, sir, but I was arrested by the rangers in the year '97.
Q:     And why did they arrest you in '97, why the ranger arrest you in 1997?
A:     Sir, the Musharraf and the (indiscernible) they got together, formed a coalition in the government and they started arresting people belonging to MQM Haqqiqui group. [AR 462]
. . .
Q:     And would you please tell us what MQM is in power for today in Pakistan or it was in power when you left Pakistan?
A:     Sir, they were very powerful before, but now since they are part of the government they are ever more powerful than they have ever been.
Q:     And who had kidnapped your child?
A:     Mutheda MQM. [AR 466]
. . .
Q:     And why are you now scared to go back home?

the BIA did not abuse its discretion by concluding that the evidence upon which the claim was presented was not material evidence that "was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii).

Second, this court previously analyzed the petitioners' request for withholding of removal and concluded that the denial of the petitioners' applications was proper because the petitioners had failed to establish that they would be subject to persecution on one of the specified grounds. See Himani, 246 F. App'x at 883. The petitioners' reliance on their claims in the removal proceedings to support their motion to reopen is not persuasive. And even assuming that the Pakistani government's anti-opposition activities had increased in frequency or intensity, the petitioners have not articulated in their motion to reopen how any changes that had occurred in Pakistan would affect them directly or make them eligible for relief. Thus, the petitioners have failed to establish that the BIA abused its discretion when it denied the petitioners' motion to reopen.

Accordingly, the petition for review is DENIED.

---

A:    Sir, right now they're very powerful because they're part of the government, they're ruling that place and people belonging to our party they're mostly in the prison or in detentions." [AR 467]

And, counsel for petitioners argued to the IJ at the May 2004 hearing in part as follows: "They have arrested – even Pakistan now arrested all the – all the MQM Haqqiqui members in the jail and they've been jailed for last year and a half since they've become a part of the coalition." [AR 500]

In petitioners' brief on the present appeal they assert that Musharraf "seized power by . . . a bloodless coup in October 1999."