IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-61108
Summary Calendar

XUE XIAN HUANG, also known as Hsaio-Wen Chien,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 977 927

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Xue Xian Huang, a native and citizen of China, petitions this court to review the denial of her motion to reopen proceedings by the Board of Immigration Appeals (BIA). This court has discretion to review Huang's petition because it seeks relief based on alleged changed circumstances in China. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). "The BIA's denial of a motion to reopen is reviewed for abuse of discretion and its factual findings are

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for substantial evidence." *Id.* That discretion will not be disturbed unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993) (citation omitted).

Huang was required to show changed country conditions in China to overcome the time and numeric limitations on her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Huang has not shown that the BIA failed to consider the State Department Reports on Country Conditions and the other documents submitted. The BIA found that the documentary evidence reflected no change in country conditions in China. This decision is not an abuse of discretion. *See Panjwani,* 401 F.3d at 632. Additionally, Huang's assertion that she fears forced sterilization for giving birth to two children in this country is based on self-induced changes in her personal circumstances, not changed conditions in China. *See id.* Therefore, the BIA's denial of Huang's motion to reopen based on a finding that the motion was untimely and successive was not an abuse of discretion. We decline to address Huang's argument that she is eligible for the underlying substantive relief of asylum, the withholding of removal, and protection under the Convention Against Torture. Accordingly, the petition for review is DENIED.