# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2011

Lyle W. Cayce
Clerk

No. 10-60557
Summary Calendar

YUAN QING YU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A-078-125-633

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Yuan Qing Yu petitions this court for review of the Board of Immigration Appeals (BIA) order denying his motion to reopen removal proceedings. He argues that the BIA abused its discretion by ruling that he had not established changed country conditions sufficient to warrant consideration of his untimely and numerically barred motion to reopen under 8 C.F.R. § 1003.2(c).

Yu was ordered to be removed from the United States in February 2000, after he failed to attend a removal hearing. In this, his fourth motion to reopen,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Yu alleges that in May 2009, he joined the Federation for a Democratic China (FDC), an organization that opposed the Chinese Communist Party and promoted democracy in China. Yu acknowledges that his motion to reopen was untimely and numerically barred; however, he argues that his motion fell under an exception to these limitations because it was based on changed country conditions in China, namely the passage of a law criminalizing the use of the internet to communicate anti-government messages. He also asserts that there has been an increase in persecution of political dissidents in China, including returning citizens who had engaged in pro-democracy activities abroad. He contends that he engaged in several FDC activities and that Chinese authorities were aware of his involvement in the FDC and have expressed a desire to arrest him.

We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). "Motions to reopen removal proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). We will affirm the BIA's decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 301 (5th Cir. 2005) (internal quotations marks and citation omitted).

In order to overcome the time and numerical limitations on his motion to reopen, Yu was required to show changed country conditions in China. *See* § 1003.2(c)(2), (3). In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, the BIA compares the "evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). The evidence of a change in country conditions must be "material" and it must have been unavailable in the original

proceeding.  8 U.S.C. § 1229a(c)(7)(C)(ii).  Self-induced changes in an alien's personal circumstances are distinguishable from changed country conditions. *See, e.g., Huang v. Holder*, 358 F. App'x 587, 588 (5th Cir. 2009).  In addition to showing changed country conditions, the alien must show prima facie eligibility for the relief that he seeks.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA determined that the new law did not reflect any new prohibition on pro-democracy activity, but rather was an effort to address a new method of transmitting already-barred material.  Yu has not shown this determination to be without foundation, or otherwise an abuse of discretion.  *Zhao*, 404 F.3d at 301.

Further, the BIA's order clearly reflects a consideration of Yu's supporting documentation, including the news articles recounting instances in which Chinese political dissidents were arrested on their return to China.  As noted by the BIA, in the absence of specifics about the facts of these cases, Yu has not shown that these instances are relevant to his claims.  Further, the articles provide no explanation as to how China's treatment of citizens who engaged in pro-democracy activities abroad have changed between February 2000 and November 2009.

In sum, Yu has not met the "heavy burden" of demonstrating that the BIA abused its discretion in denying his motion to reopen.  *See Altamirano-Lopez*, 435 F.3d at 549.  Accordingly, we do not reach his arguments that he established prima facie eligibility for asylum, withholding of removal, and protection under the CAT.  *See Yu Chun Lian v. Mukasey*, 294 F. App'x 163, 164 (5th Cir. 2008) (citing *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002)).

PETITION DENIED.