**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2012

No. 11-60679
Summary Calendar

Lyle W. Cayce
Clerk

DE-MEI ZHANG, also known as De Mei Zhang,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 072 464

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

De-Mei Zhang, a native and citizen of China, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his immigration proceeding.  He argues that the BIA abused its discretion when it ruled that he had not established changed country conditions sufficient to warrant consideration of his untimely motion to reopen under 8 C.F.R. § 1003.2(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60679

A highly deferential abuse of discretion standard applies to review of the BIA's denial of a motion to reopen. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "Such discretion is not to be disturbed so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005) (internal quotation marks and citation omitted).

Motions for reopening immigration proceedings are disfavored because, generally, every delay enures to the advantage of the deportable alien. *INS v. Doherty*, 502 U.S. 314, 323 (1992). Ordinarily, such motions "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). However, the above time limitation does not apply to a motion to reopen proceedings based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii).

Noting that he presented evidence that he is the father of two children, one of which was born after he left China, Zhang asserts that he is now subject to persecution in China because he is in violation of that country's family planning policy. Such a self-induced change in personal circumstances, however, is distinguishable from changed country conditions, and provides no evidence of changed conditions in China. *See Huang v. Holder*, 358 F. App'x. 587, 588 (5th Cir. 2009).

Zhang further contends that he presented documentary evidence demonstrating the Chinese government's enforcement of the family planning policy and its crackdown on persons practicing the Christian faith. In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, the BIA

2

No. 11-60679

compares the "evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S–Y–G*, 24 I. & N. Dec. 247, 253 (BIA 2007). The evidence presented by Zhang focuses on China's recent practices with respect to persons who violate the family planning laws, or who practice Christianity. Zhang has not pointed to evidence of record that demonstrates a material change in country conditions since his merits hearing. He has therefore failed to show that the BIA abused its discretion in denying his motion to reopen. *See Zhao,* 404 F.3d at 303.

PETITION FOR REVIEW DENIED.