# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

Lyle W. Cayce
Clerk

No. 12-60292
Summary Calendar

BING SHUN LI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 024 782

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bing Shun Li, a native and citizen of the People's Republic of China, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his untimely motion to reopen his immigration proceedings. Noting that he presented evidence with his motion showing he joined the Chinese Democracy Party (CDP) in the United States after the final administrative decision in his earlier removal proceedings, Li argues that the BIA abused its discretion in denying his motion, that he proved changed country

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions in China, that the BIA's explanation of its decision was inadequate, that the BIA committed a factual error by stating that only a letter from his wife showed Chinese authorities were aware of his CDP activities, and that the BIA failed to consider the other evidence he submitted, including articles he wrote for the CDP and photographs of his CDP activities. Because his evidence showed these documents were published on the CDP website and that Chinese authorities monitored the internet, Li contends his evidence established that Chinese authorities were aware or could become aware of his CDP activities. He also points to evidence showing that Chinese authorities have implemented a series of laws further restricting and monitoring internet usage, thus increasing the likelihood that authorities are or will become aware of his CDP activities. Finally, Li contends that his new evidence shows that the persecution of political activists has intensified and expanded to include CDP members returning to China from abroad.

An alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). A motion to reopen is not barred by this timing requirement, however, if the alien's request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii).

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Such discretion is not disturbed "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotations marks and citation omitted). "[W]e generally also review the BIA's decision procedurally to ensure that the complaining alien has

received full and fair consideration of all circumstances that give rise to his or her claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996) (internal quotation marks and citation omitted).  The BIA is not required to "address evidentiary minutiae or write any lengthy exegesis." *See id.*  However, the BIA's decision "must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Id.*

Even assuming the truth of Li's assertion that he is now an active member of the CDP and even assuming that authorities in China are aware of Li's activities, such facts do not establish changed country conditions; rather, these facts show that Li's personal circumstances are different due to a self-induced change. *Zhang v. Holder*, 481 F. App'x 950, 952 (5th Cir. 2012); *Yuan Qing Yu v. Holder*, 423 F. App'x 413, 414 (5th Cir. 2011).  Although the BIA did not discuss each piece of Li's evidence, we are satisfied that the agency gave meaningful consideration to the evidence that supported Li's claims.  *See Abdel-Masieh*, 73 F.3d at 585.  Our review of the record indicates that the BIA fairly characterized the relevant substantial evidence and that, although Li provided evidence of ongoing abuses of CDP members and other political and pro-democracy activists, he failed to establish a material change in country conditions since his earlier removal proceedings. *See id.*; *Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005).

The BIA did not commit procedural error, *see Abdel-Masieh*, 73 F.3d at 585, or abuse its discretion by determining that Li had failed to establish changed country conditions in China sufficient to justify granting his untimely motion to reopen. *See Zhao*, 404 F.3d at 303-04.  Accordingly, Li's petition for review is DENIED.