# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2013

No. 12-60972
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMED TAGHI HAGHIRIAN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 624 543

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mohammed Taghi Haghirian, a native and citizen of Iran, petitions this court for review of an order from the Board of Immigration Appeals (BIA) denying his third motion to reopen removal proceedings. We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will not find an abuse of discretion unless the decision is "capricious, racially invidious,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

Haghirian contends that the BIA erred in denying his motion to reopen because his prior order of removal had been reinstated. The BIA stated that it might be prohibited under 8 U.S.C. § 1231(a)(5) from reopening Haghirian's immigration proceedings. Nevertheless, the BIA declined to dismiss the motion on that basis and instead denied his motion to reopen on its merits. Also, because nothing in the record shows Haghirian's order of removal was ever reinstated, he has not shown that he was entitled, under the streamlined procedures for reinstatement of removal, to have his claim of changed country conditions considered by an asylum officer.

Although Haghirian concedes that his motion to reopen was filed more than 90 days after the date on which the final administrative decision was rendered, he seeks application of the exception when an alien's request for relief is based on changed country conditions arising in the country of nationality. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(3)(ii). He has not shown that the BIA abused its discretion by according limited weight to his supporting documents. He has also failed to show that the BIA erred by concluding that he had not shown changed conditions in Iran sufficient to exempt him from the 90-day deadline. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (5th Cir. 2005).

Finally, Haghirian argues that his due process rights were violated because he was not served with the Department of Homeland Security's opposition to his motion to reopen. Even if he was not served with that opposition, his claim fails because he has not established that he was prejudiced by the alleged omission. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). We decline to consider whether he can establish his prima facie eligibility for substantive relief because the BIA's denial was based upon Haghirian's

failure to demonstrate a change in country conditions. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Lian v. Mukasey*, 294 F. App'x 163, 164 (5th Cir. 2008).

Haghirian's petition for review is DENIED.