# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2014

Lyle W. Cayce
Clerk

RANA MUHAMMED SALEEM, also known as Saleem Khan,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 758 905

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rana Muhammed Saleem, a native and citizen of Pakistan, was ordered removed *in absentia* in September 1995. He now petitions for review of the Board of Immigration Appeals' (BIA) denial of his second motion to reopen, filed in October 2012. Saleem contends he follows the Ahmadi religion and changed conditions in Pakistan regarding the persecution of Ahmadis entitle him to reopen his removal proceeding.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). This court may not overturn the BIA's factual findings unless the evidence *compels* a contrary conclusion. *Id.* The BIA's denial of a motion to reopen will be affirmed if the denial is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach". *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (citation and internal quotation marks omitted).

An alien may file one motion to reopen within 90 days of the date on which the final administrative order is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). A motion to reopen is not barred, however, if the alien's request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding". 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). To determine whether there has been a material change in country conditions, the evidence of such conditions submitted with the motion is compared to those existing at the time the deportation order was issued. *See, e.g.*, *Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005). An alien must also show *prima facie* eligibility for relief from removal. *Yuan Qing Yu v. Holder*, 423 F. App'x 413, 414 (5th Cir. 2011) (citing *INS v. Abudu*, 485 U.S. 94, 104 (1988)).

Saleem asserts the evidence filed in support of his motion to reopen showed the persecution of Ahmadis in Pakistan has worsened since his 1995 deportation proceeding. He also contends the district court erred in finding he did not demonstrate *prima facie* eligibility for asylum. (To the extent Saleem's

No. 13-60208

second motion to reopen raised claims for withholding of removal and relief under the Convention Against Torture, they have been abandoned, because Saleem did not raise them in his petition for review in this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

Regarding claimed changed country conditions to support eligibility for asylum, Saleem testified he suffered several beatings from "early 1990" to 1995 for being an Ahmadi sympathizer, was severely beaten and threatened with death in 1995 by radical Muslim clerics, and was then turned over to the police who, "instead of providing protection", threatened him with prosecution for violating Islamic laws. Based on that testimony, the BIA did not abuse its discretion by ruling that evidence did not establish a material change in country conditions between 1995 and the time of his second motion to reopen. Although the materials Saleem presented with his motion to reopen suggest an intensification of persecution in 2011 and 2012, the materials do not identify the specific time frame being contrasted or otherwise compare the conditions during 1995 and the time of his motion to reopen. Accordingly, the materials do not show a *material* change in the treatment of Ahmadis in Pakistan. *See, e.g.*, *Himani v. Mukasey*, 305 F. App'x 229, 231 (5th Cir. 2008) (finding "simply a continuation of the Pakistani government's suppression of non-government supporters" insufficient to show changed country conditions). In addition, Saleem's decision to become an Ahmadi *after* his arrival in the United States reflects a change in personal circumstances rather than a change in country conditions and does not exempt his motion to reopen from the applicable time bar. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (5th Cir. 2005).

Because the BIA did not abuse its discretion by ruling Saleem failed to establish changed country conditions, we need not consider whether he established *prima facie* eligibility for asylum. *E.g.*, *Yu Chun Lian v. Mukasey*,

3

No. 13-60208

294 F. App'x 163, 164 (5th Cir. 2008) (citing *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002)).

DENIED.