# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2014

Lyle W. Cayce
Clerk

EDDIE ALEXANDER GONZALEZ-BONILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 842 004

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eddie Alexander Gonzalez-Bonilla, a native and citizen of Honduras, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of the motion to reopen his in absentia removal proceedings. He contends that his failure to appear should be excused because his counsel did not give him proper

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notice of the hearing and failed to submit supporting documents that showed that his vehicle had mechanical problems while he was driving to the hearing.

The BIA did not abuse its discretion in concluding that Gonzalez-Bonilla failed to demonstrate exceptional circumstances to excuse his failure to appear. *See Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012); 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1).  Although Gonzalez-Bonilla asserts that his absence from the hearing was attributable to the ineffectiveness of his attorney, he has not alleged or shown that he complied with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. 637 (BIA 1988), *overruled in part by In re Compean*, 24 I & N. Dec. 710 (BIA 2009), and has not otherwise contested the BIA's conclusion that his ineffective-assistance claims should be rejected on that basis.  *See id.* at 954; *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000)*; Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Also, while he notes that he had mechanical problems with his car on the day of the merits hearing, he does not brief whether these problems rose to the level of an exceptional circumstance that excused his absence and, thus, he has abandoned this issue. *See Soadjede*, 324 F.3d at 833.  Therefore, Gonzalez-Bonilla has not shown that the BIA's decision was capricious, racially invidious, without foundation in the evidence, or otherwise so irrational that it was arbitrary.  *See Rodriguez-Manzano*, 666 F.3d at 952.

Gonzalez-Bonilla also contends that he should be granted relief on the merits of his application for relief and that this case should be remanded for further proceedings.  However, his arguments for relief need not be addressed because he has not shown that the BIA abused its discretion in denying his motion to reopen, and the merits of his application for relief from removal are not otherwise at issue on appeal. *See Yu Chun Lian v. Mukasey*, 294 F. App'x 163, 164 (5th Cir. 2008) (citing *INS v. Orlando Ventura*, 537 U.S. 12, 16-17

No. 13-60248

(2002)); *INS v. Abudu*, 485 U.S. 95, 104 (1988).  His claim that he is entitled to temporary protected status (TPS) because the current conditions in Honduras render the country incapable of handling the return of nationals also need not be addressed because he did not properly exhaust his administrative remedies with respect to the claim.  *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 388-89 (5th Cir. 2001).  Gonzalez-Bonilla also has not shown that his case should be remanded based on his wife's filing of a petition for an alien relative because he has failed to address the BIA's reason for rejecting this claim.

PETITION DENIED.