# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2010

No. 09-60926
Summary Calendar

Lyle W. Cayce
Clerk

RUDOLPH THOMAS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 922 827

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rudolph Thomas, a native and citizen of Jamaica, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen his in abstentia removal proceedings. Thomas does not challenge the BIA's determination that his motion to reopen was untimely but maintains that the time limitation should not apply because his motion to reopen was based upon changed country conditions in Jamaica.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An alien is not bound by the time limitation for filing a motion to reopen if his request for asylum or withholding of removal "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The evidence submitted by Thomas, however, did not show a change in conditions in Jamaica since the time of his in abstentia removal proceedings. Rather, Thomas's evidence showed that the political corruption and gang violence Thomas complained about in his motion to reopen had been occurring in Jamaica since the 1960s.

The BIA did not abuse its discretion in determining that Thomas failed to establish changed country conditions and that his motion to reopen was, therefore, untimely. *See Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005). Accordingly, we decline to address Thomas's underlying claims that he is eligible for asylum and withholding of removal. *See* § 1003.2(a); *Ogbemudia v. I.N.S.*, 988 F.2d 595, 599-600 (5th Cir. 1993).

Accordingly, Thomas's petition for review is DENIED.