**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2012

Lyle W. Cayce
Clerk

No. 11-60857
Summary Calendar

TEDDY GATAMBA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 651 592

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Teddy Gatamba, a native of Burundi and citizen of Rwanda, petitions this
court to review the denial of his motion to reopen immigration proceedings. He
argues that the Immigration Judge (IJ) and the Board of Immigration Appeals
(BIA) abused their discretion when ruling that he had not established changed
country conditions sufficient to warrant consideration of his untimely motion to
reopen under 8 C.F.R. § 1003.2(c). Gatamba further contends that the IJ and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the BIA failed to consider the documentary evidence he submitted in connection with his motion to reopen.

Motions to reopen are disfavored, *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000), and we review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005). The ruling will stand, even if we conclude it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

Gatamba was required to show changed country conditions in Rwanda to overcome the time and numeric limitations on his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Contrary to his assertion, Gatamba has not shown that the IJ or the BIA failed to consider the evidence provided in support of his motion to reopen. Although the BIA incorrectly stated that the evidence had not been presented to the IJ, it considered the evidence and found that it reflected no change in country conditions.

Additionally, Gatamba's assertion that he fears for his safety if returned to Rwanda is based on an alleged change in his personal circumstances, not changed conditions in Rwanda. Changes in personal circumstances do not constitute changed country conditions. *Zhao*, 440 F.3d at 407.

With regard to the argument that he showed a general change in country conditions, Gatamba makes only the conclusory assertion that the evidence he submitted was sufficient. He does not argue in any detailed manner how country conditions have changed. Nor does the evidence he presented support such an assertion.

Therefore, the denial of Gatamba's motion to reopen was not an abuse of discretion. *See Zhao,* 404 F.3d at 303. We decline to address Gatamba's argument that he is eligible for the underlying substantive relief of asylum, the

No. 11-60857

withholding of removal, and deferral of removal.  Accordingly, the petition for review is DENIED.