# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2013

Lyle W. Cayce
Clerk

No. 13-60057
Summary Calendar

CHARLES GOZIE UGOCHUKWU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 571 394

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charles Gozie Ugochukwu, a native and citizen of Nigeria, was placed in deportation proceedings in 1996. He filed an application for asylum and withholding of deportation. When he failed to appear for a scheduled deportation hearing on February 12, 1997, the immigration judge (IJ) ordered him removed in absentia. More than 15 years later, he filed a motion to reopen his proceedings, asserting that a snowstorm prevented him from appearing and that a change in country conditions warranted reopening. The IJ denied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion, and the Board of Immigration Appeals (BIA) dismissed his appeal. This petition for review followed.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Because "the BIA issued its own opinion and elaborated on its own reasoning," we review only the BIA's decision. *Orellana-Munson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted). Further, this matter is governed by the transitional rules in place following passage of the Illegal Immigrant Reform and Immigration Responsibility Act. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 386 (5th Cir. 2001).

Ugochukwu first asserts that he failed to receive notice of the hearing. Under the then-governing law, an in absentia deportation order could be rescinded at any time if the alien failed to receive notice. 8 U.S.C. § 1252b(c)(3) (repealed). However, Ugochukwu did not assert lack of notice in his motion to reopen to the IJ; rather, he raised it for the first time on appeal to the BIA. Inconsistent with this claim of lack of notice, Ugochukwu's motion stated that a snowstorm prevented him from driving to court and that he wrote to the court to reschedule the hearing. Further, the written notice of hearing itself states that it was provided to Ugochukwu and that he received oral notice as well. The BIA thus did not abuse its discretion by declining to grant reopening based on lack of notice. *See Zhao*, 404 F.3d at 303. Ugochukwu has abandoned any challenge to the BIA's separate conclusion that, to the extent he sought reopening on the basis of exceptional circumstances, his motion was untimely. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

In addition, Ugochukwu asserts that he is entitled to reopening based on worsening conditions in Nigeria with respect to attacks by Muslim groups on Christians. A motion to reopen may be filed at any time if the alien is seeking asylum or withholding based on changed country conditions arising in the country of the alien's nationality or the country where the alien is to be removed.

No. 13-60057

8 C.F.R. § 1003.23(b)(4)(i).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G,* 24 I. & N. Dec. 247, 253 (BIA 2007).

In support of his motion to reopen, Ugochukwu asserted that Muslim extremists killed his father in 1994, murdered his uncle and cousins in 1996, and burned down his family home in 2010.  He also submitted various news articles and other documents reporting recent attacks on Christians by Muslim groups.  However, as the BIA concluded, he did not provide evidence showing that current conditions are materially different than those at the time of his deportation hearing in 1997.  Ugochukwu has not shown that the BIA abused its discretion.  *See Zhao,* 404 F.3d at 303.

PETITION FOR REVIEW DENIED.