# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60787
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

MARLON RAMOS,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 558 181

Before WIENER, HIGGINSON, and COSTA, Circuit Judges
STEPHEN A. HIGGINSON, Circuit Judge: [*]

Marlon Ramos is a native and citizen of Honduras who entered the United States on December 25, 1995, without being inspected. Ramos conceded that he was deportable and filed an application for asylum and withholding of deportation. He failed to appear at the April 1, 1996 hearing on his applications for relief, however, and the immigration judge (IJ) ordered him deported to Honduras in absentia. Ramos did not report for deportation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60787

in June 1996 as ordered, and he was arrested in Auburn, Washington, on March 9, 2011. Ramos then filed two motions to reopen his case; both were denied as untimely.

On November 7, 2013, Ramos filed a third motion to reopen his case to allow him to apply for asylum. Ramos supported that motion with a declaration stating that he feared returning to Honduras because of an ongoing land-ownership dispute between his family and a local politician, who Ramos believes was involved in the 1999 murder of his father and a 2007 attempt on his brother's life. The IJ found that Ramos's motion was based not on evidence of "changed country conditions" in Honduras, but on alleged changes in personal circumstances. The Board of Immigration Appeals (BIA) dismissed Ramos's appeal, noting that the land dispute began in 1994, before Ramos's hearing. The BIA also concluded that Ramos failed to demonstrate prima facie eligibility for asylum on any protected ground. Ramos seeks review of the BIA's dismissal of his appeal.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (citation omitted). "[M]otions to reopen deportation proceedings are 'disfavored,' and the moving party bears a 'heavy burden.'" *Altamirano-Lopez v. Gonzalez*, 435 F.3d 547, 549–50 (5th Cir. 2006) (quoting *INS v. Abudu*, 485 U.S. 94, 107–10 (1988)).

Under the governing law at the time of Ramos's merits hearing, a petitioner may file only one motion to reopen, and must generally do so within

ninety days of the deportation order. 8 C.F.R. § 1003.23(b)(1). As noted, Ramos appeals the denial of his third motion to reopen, filed more than a decade after his hearing. Those time and number limits do not apply, however, to motions to reopen in order to apply for asylum based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." *Id.* § 1003.23(b)(4)(i). To determine whether country conditions have materially changed, we compare the evidence of country conditions submitted with the motion to the conditions at the time of the merits hearing. *Matter of S-Y-G*, 24 I. & N. Dec. 247, 253–54 (BIA 2007); *see also Panjwani v. Gonzales*, 401 F.3d 626, 632–33 (5th Cir. 2005). If the motion is not time- or number-barred, the alien still must "make a prima facie showing that there is a reasonable likelihood that the relief sought would be granted at the reopened hearing." *Marcello v. INS*, 694 F.2d 1033, 1035 (5th Cir. 1983).

The materials Ramos offers do not establish that the BIA abused its discretion in concluding that country conditions in Honduras have not materially changed since his 1996 hearing. Indeed, his evidence pertains to the continuation of a land-ownership dispute that began in 1994—before Ramos came to the United States—and to general corruption and violence in Honduras. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005) (holding that changed personal circumstances do not justify a motion to reopen); *cf. Ugochukwu v. Holder*, 547 F. App'x 522, 523 (5th Cir. 2013) (despite post-hearing burning of family home, petitioner did not show country conditions were materially different from those at the time of his hearing); *Thomas v. Holder*, 396 F. App'x 60, 61 (5th Cir. 2010) (holding that political corruption and gang violence that had been occurring in Jamaica since the 1960s did not

represent changed country conditions).  Nor did the BIA abuse its discretion in concluding that Ramos failed to establish a prima facie case for the relief sought, as he did not explain how the land-ownership dispute created a well-founded fear of persecution linked to his membership in a statutorily protected group.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352–53 (5th Cir. 2002) (alien did not show land-ownership dispute was motivated by any protected ground).  For these reasons, Ramos's petition for review of the BIA's decision is DENIED.

Ramos has also filed a motion for clarification requesting reasons for this court's denial of his prior motion for a stay of deportation.  That motion, which is not supported by legal authority or substantive argument, is DENIED.  And because Ramos has already been removed from the United States, his renewed motion for a stay of deportation is DENIED AS MOOT.  *See Jean v. Gonzalez*, 452 F.3d 392, 395 (5th Cir. 2006) (noting that request for stay was moot because petitioner had already been removed).