# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2016

Lyle W. Cayce
Clerk

PEDRO ARQUIMIDES CRUZ-FERNANDEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 722 135

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pedro Arquimides Cruz-Fernandez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his 2014 motion to reopen his *in absentia* removal proceedings; and, its denial of his motion to remand. He contends the BIA erred in determining: (1) he was properly provided notice of his immigration hearing, which resulted in the *in absentia* removal order;

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(2) he had not satisfied the requirements for an ineffective-assistance-of-counsel claim (IAC claim), as set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009); and (3) he failed to show changed conditions in El Salvador warranted reopening removal proceedings to allow him to apply for asylum. Additionally, he asserts the BIA abused its discretion in denying his motion to remand, in order to allow the IJ to *sua sponte* reopen the matter to reconsider arguments and evidence in the motion to reopen.

For the following reasons, Cruz fails to show the BIA abused its discretion in denying his motion to reopen. Such denials are reviewed "under a highly deferential abuse-of-discretion standard". *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). In that regard, the BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies". *Id.*

In August 2005, the IJ ordered Cruz removed from the United States after he failed to appear at his scheduled hearing. For his assertion he did not receive notice of the hearing via mail, he concedes he was served personally with a notice to appear, which satisfies the notice requirement. *See* 8 U.S.C. § 1229(a)(1).

For his IAC claim, Cruz failed to fully comply with the *Lozada* requirements. 19 I. & N. Dec. at 639. In that regard, he failed to set out the details of his agreement with his former counsel, or show counsel was notified of the allegations of ineffective assistance. *Id.*; *see also Lara v. Trominski*, 216 F.3d 487, 496–98 (5th Cir. 2000).

No. 15-60258

In claiming the BIA erred in determining he had not demonstrated changed circumstances in El Salvador warranted reopening of removal proceedings, Cruz avers he provided evidence to show both an increase in violence in El Salvador, and a change in the Government's willingness and ability to combat the violence.  Nevertheless, our court has upheld the denial of such a motion where the evidence of changed conditions showed only a continuation of ongoing violence in petitioner's home country. *See, e.g., Ramos v. Lynch*, 622 F. App'x 432, 433 (5th Cir. 2015) (ongoing land-ownership dispute with local politician, and general corruption and violence in Honduras, did not amount to changed conditions); *Thomas v. Holder*, 396 F. App'x 60, 61 (5th Cir. 2010) (political corruption and gang violence occurring in Jamaica since the 1960s did not represent changed conditions).  Along that line, his assertion he fears for his safety because of threats and violence experienced by his relatives in El Salvador amounts only to a change in personal circumstances. *See Gatamba v. Holder*, 485 F. App'x 690, 691 (5th Cir. 2012) ("Changes in personal circumstances do not constitute changed country conditions.")

With regard to Cruz' challenge to the BIA's denial of his motion to remand, he essentially contends the BIA should have exercised its discretion to reopen this matter *sua sponte*. *See Wang v. Ashcroft*, 260 F.3d 448, 451 (5th Cir. 2001).  But, we lack jurisdiction to review such a claim. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004).  The Supreme Court's recent decision in *Mata v. Lynch* did not disturb our court's prior precedent on this point.  135 S. Ct. 2150, 2155 (2015) (assuming, *arguendo*, circuit courts lack authority to review the BIA's use of its discretionary power to *sua sponte* reopen a case); *see also Kucana v. Holder*, 558 U.S. 233, 251 n.18 (2010)

3

No. 15-60258

("express[ing] no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings *sua sponte*").

DISMISSED IN PART and DENIED IN PART.