# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

MARLON JONATHAN OBANDO-AYALA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 652 991

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marlon Jonathan Obando-Ayala, a native and citizen of El Salvador, petitions this court to review the denial of his second motion to reopen in absentia removal proceedings. Obando-Ayala claims that the Board of Immigration Appeals (BIA) abused its discretion in denying his motion to reopen based on numerous grounds, which can be summarized as follows: (1) the BIA erred in determining that he had not satisfied the requirements set

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), for bringing a claim of ineffective assistance of counsel, and (2) the BIA erred in determining that he had failed to show changed conditions in El Salvador that would warrant reopening to allow him to apply for asylum.

We conclude that the BIA did not abuse its discretion in denying Obando-Ayala's motion to reopen. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). The BIA properly concluded that Obando-Ayala had failed to comply with the *Lozada* requirements because he submitted no evidence that his first attorney had received notice of the allegations against him. Obando-Ayala argues that it would have been futile for him to contact his former attorney because he had been disbarred by the California Supreme Court. Obando-Ayala has cited no authority from this court holding that an alien is relieved of the notice requirement under *Lozada* when his former counsel has been disbarred. Indeed, this court has rejected similar arguments for a flexible approach to *Lozada*. *See Lara v. Trominski*, 216 F.3d 487, 497-98 (5th Cir. 2000).

Furthermore, Obando-Ayala's evidence does not establish changed conditions in El Salvador that would warrant reopening based on a claim for asylum. Instead, the evidence presented shows only a continuation of the gang violence that existed at the time of his removal, which is insufficient. This court has upheld the denial of a motion to reopen where the evidence of changed conditions showed only a continuance of ongoing violence in the petitioner's home country. *See, e.g., Ramos v. Lynch*, 622 F. App'x 432, 433 (5th Cir. 2015) (holding that general corruption and violence in Honduras did not amount to changed country conditions); *Thomas v. Holder*, 396 F. App'x 60, 61 (5th Cir. 2010) (holding that political corruption and gang violence that had been occurring in Jamaica since the 1960s did not represent changed country

No. 15-60458

conditions).  Moreover, Obando-Ayala's assertion that he fears for his safety upon returning to El Salvador given the threats and violence experienced by his relatives, amounts to a change in personal circumstances, which is also insufficient.  *See Gatamba v. Holder*, 485 F. App'x 690, 691 (5th Cir. 2012).

Based on the forgoing, Obando-Ayala's petition is DENIED.