# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

No. 11-60875
Summary Calendar

Lyle W. Cayce
Clerk

DEBAPRASAD DAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A028 543 189

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Debaprasad Das petitions this court for review of the decision of the Board
of Immigration Appeals (BIA) denying his motion to reopen. Finding no abuse
of discretion, we deny the petition.

Das, a citizen and national of India, was charged with entering the United
States in 1996 without proper documentation. He sought asylum, withholding
of removal, and relief under the Convention Against Torture (CAT). According
to Das, he faced retribution at the hands of an organized crime syndicate run by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dawood Ibrahim because Das can testify against members of the organization in connection with a series of bombings that occurred in Bombay (now Mumbai) in 1993. The immigration judge denied relief, and the BIA affirmed. We denied Das's petition for review.

Das then filed an untimely and numerically barred motion to reopen, asserting that he had evidence of changed country conditions relating to an increase in corruption, torture, and police brutality, as well as greater infiltration of the government by Ibrahim's organization. He also pointed to a new requirement that Indian nationals seeking to renew passports must attest that they have not applied for or been granted asylum. According to Das, because he had to disclose his asylum application, he was threatened by an Indian consular official and now fears torture on his return to India as a result. He also contends that he has spoken out against Ibrahim and the Indian government and that he has provided information to intelligence officials in the United States.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303-04 (5th Cir. 2005). Under that standard, the BIA's ruling will stand, even if this court concludes it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

The BIA concluded that Das failed to show any change in circumstances regarding public corruption and Ibrahim's influence, and that Das did not put on evidence that Indian asylum seekers face torture. Those conclusions find support in the record. Much of the evidence merely provides examples of new instances of longstanding and well-documented problems of torture and corruption in India, as well as the continuing influence of criminal organizations like Ibrahim's. Further, Das offered nothing to corroborate his assertions that

the Indian government is targeting Indian nationals who have applied for asylum overseas.  Given the record, we cannot say that the BIA abused its discretion.  We also reject Das's contention that the BIA employed an incorrect legal standard in assessing his claim.

PETITION DENIED.