# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────────

No. 15-60400
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

MANDEEP SINGH,

Petitioner,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

─────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals

─────────────────────

Before SMITH, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:

Mandeep Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen. Singh was charged with entering the United States without inspection in 2011. He sought asylum, withholding of removal, and relief under the

No. 15-60400

Convention Against Torture ("CAT"), claiming he was threatened and injured by members of rival political party in India—the Akali Dal (Badal) party—for refusing to join their ranks. He alleged that his life was in "grave danger" and that he could not relocate to another state in India, so he left India and attempted entry into the United States.

The immigration judge ("IJ") denied relief, and the BIA affirmed but remanded, instructing the IJ to make additional findings concerning Singh's eligibility for protection under the CAT. On remand, the IJ made further findings, denied relief under the CAT, and ordered Singh removed to India. Singh did not appeal the IJ's order.

More than nine months later, Singh filed an untimely motion to reopen, asserting that the Indian police had threatened him and wrongly accused him of receiving terrorist training in Pakistan. In support of his claims, he submitted affidavits from his mother and the Sarpanch of his Indian village, and the State Department's 2012 Country Report for India. He averred that the Country Report verified his new fear of returning to India, because it established that human rights violations regularly occur in India, and the Indian police and security forces commit serious abuses. Singh claimed entitlement to relief based on changed circumstances. The IJ denied the motion to reopen, and the BIA dismissed the appeal.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303–04 (5th Cir. 2005). Under that standard, the BIA's ruling will stand, even if this court concludes it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

No. 15-60400

The BIA found, *inter alia*, that "the State Department's 2012 Country Reports for India did not describe a change in country conditions that are materially different than [*sic*] the conditions in place at the time [Singh] was ordered removed." The BIA further found that, although the Report describes "ongoing violence by both insurgents and security forces," it "does not indicate whether conditions have substantially deteriorated since [Singh's] order of removal."

Those conclusions find support in the record. A motion to reopen can be denied where the evidence of changed conditions shows only a continuance of ongoing violence in the home country.[1] Moreover, Singh's assertion that he fears for his safety upon returning to India, given the new threats and violence experienced by his mother and the Indian police's targeting of him, amounts to a change in personal circumstances and does not constitute changed country conditions.[2]

The petition for review is DENIED.

---

[1] *See, e.g., Ramos v. Lynch,* 622 F. App'x 432, 433 (5th Cir. 2015); *Das v. Holder*, 490 F. App'x 672, 673 (5th Cir. 2012); *Thomas v. Holder,* 396 F. App'x 60, 61 (5th Cir. 2010); *Himani v. Mukasey*, 305 F. App'x 229, 231 (5th Cir. 2008).

[2] *See Gatamba v. Holder*, 485 F. App'x 690, 691 (5th Cir. 2012); *Yang Xin Chun v. Holder*, 335 F. App'x 454, 455 (5th Cir. 2009); *Keivani v. Gonzales*, 214 F. App'x 469, 470 (5th Cir. 2007); *Zhao*, 404 F.3d at 407.