# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2017

Lyle W. Cayce
Clerk

No. 16-60097
Summary Calendar

MOHAMED SOLAIMAN HOSSAIN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 683 162

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner Mohamed Solaiman Hossain, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Hossain contends that the BIA abused its discretion when it ruled that previously unavailable evidence of changed country conditions in Bangladesh did not justify relief. He submitted his wife's declaration in which she averred that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60097

she was assaulted by members of the ruling political party.  She further asserted that those party members threatened to harm Hossain and his family because of his work for the opposition party.  Hossain also submitted medical reports, news articles, photographs, and the 2014 State Department Human Rights Report on Bangladesh.

The BIA appropriately compared conditions in Bangladesh at the time of Hossain's removal hearing with the conditions there when Hossain filed the motion to reopen.  *See Gotora v. Holder*, 567 F. App'x 219, 222 (5th Cir. 2014) (citing *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007)); *see also Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005) (comparing conditions at the time the alien was ordered removed to those at the time the alien filed the motion to reopen).  The evidence of conditions in Bangladesh, as catalogued in the State Department's country reports, support the BIA's conclusion that political violence in Bangladesh remained ongoing, which is insufficient to compel a determination of changed country conditions.  *See Singh v. Lynch,* 840 F.3d 220, 222 (5th Cir. 2016).

The assault on Hossain's wife confirms that political violence continues to occur in Bangladesh and does not compel the conclusion that violence has escalated to the point that conditions have changed.  *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Moreover, the threats made against Hossain and his family amount to changes in personal circumstances that do not constitute changes in country conditions.  *See Singh*, 840 F.3d at 222-23.

To the extent that Hossain complains that the BIA neglected to examine all of the evidence he presented, the BIA's analysis reflected that it meaningfully considered all relevant evidence.  *See Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996).

No. 16-60097

The BIA's decision was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it [was] arbitrary rather than the result of any perceptible rational approach." *Singh*, 840 F.3d at 222 (internal quotation marks and citation omitted). The BIA did not abuse its discretion in denying Hossain's motion to reopen, so his petition for review is DENIED.