# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2017

Lyle W. Cayce
Clerk

OSCAR CRISTOBAL LARA-CASTILLO,
Also Known as Oscar Lara, Also Known as Oscar Cristobal Castillo,
Also Known as Oscar A. Lara, Also Known as Oscar Cristobal Lara,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 142 232

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60485

Oscar Lara-Castillo, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen. Lara-Castillo contends that the BIA erred by determining that he failed to establish changed country conditions based on the 2015 murder of his cousin by Honduran gang members.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303–04 (5th Cir. 2005). Under that standard, the BIA's ruling will stand, even if this court concludes it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

Lara-Castillo's evidence of his cousin's 2015 death shows only a continuance of ongoing violence in Honduras, and his renewed assertion that he fears for his safety if he returns there constitutes a change in personal circumstances and not changed country conditions. *See Singh v. Lynch,* 840 F.3d 220, 222–23 & n.2 (5th Cir. 2016). Accordingly, the BIA did not abuse its discretion by ruling that Lara-Castillo had failed to establish a material change in country conditions sufficient to warrant consideration of his untimely motion to reopen. *See Zhao,* 404 F.3d at 304; 8 U.S.C. § 1229a(c)(7). Given that determination, it is not necessary to address Lara-Castillo's assertions that he was eligible for asylum, withholding of removal, and protection under the Convention Against Torture.

The petition for review is DENIED.