# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60759
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 5, 2017

Lyle W. Cayce
Clerk

ARACELY NATALY PUERTO-MARTINEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 797 163

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Aracely Nataly Puerto-Martinez, a native and citizen of Honduras, petitions this court for review of the Board of Immigration Appeals' (BIA) denial of her untimely motion to reopen her removal proceedings. Her motion claimed changed country conditions prevent her from reasonably relocating within Honduras to avoid persecution. In particular, Puerto asserts: she can no longer live with her grandfather, due to a significant change in his medical

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

condition and the destruction of his home; and her partner has continued to receive death threats, including threats mentioning Puerto and their child, despite his relocation to a different city in Honduras.

Denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard". *E.g.*, *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks omitted). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, [or] based on legally erroneous interpretations of" the law. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016).

Although the BIA determined the motion to reopen was untimely, it also considered, and rejected, Puerto's claim that the changed-country-conditions exception to the timeliness requirement applied. 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii). To show changed country conditions, Puerto must present new material facts that were "not available and would not have been discovered or presented at the previous proceeding". 8 U.S.C. § 1229(a)(c)(7)(B), (C)(ii). She must also present evidence comparing country conditions when she filed the motion to reopen with those at the time of the removal hearing, and show "how those general conditions related to her specific claims". *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).

Puerto fails to show the evidence of her grandfather's medical condition and the destruction of his home were not previously available or discoverable. In addition, this evidence reflects only a change in her personal circumstances, rather than demonstrating a change in country conditions. *E.g.*, *Singh v. Lynch*, 840 F.3d 220, 222–23 (5th Cir. 2016) (evidence of "a change in personal circumstances [] does not constitute changed country conditions"). And, although her partner's declaration stating that he has continued to receive

No. 16-60759

threats, including threats against Puerto and their son, constitutes a new fact not previously available, it does not show a change in country conditions, because they received threats prior to their leaving Honduras. *Ramos-Lopez*, 823 F.3d at 1026 (alien must compare conditions at the time she moves to reopen with conditions at time of removal hearing). Therefore, the BIA did not abuse its discretion by denying the motion to reopen.

DENIED.