# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60775
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

KAMRAN AHMED,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 156 496

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kamran Ahmed, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Ahmed contends that the BIA abused its discretion when it did not find that previously unavailable evidence of changed country conditions in Bangladesh justified relief. Specifically, Ahmed submitted evidence demonstrating that his family has been assaulted by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

members of the ruling political party.  He explained that those party members had threatened to kill him and have now harmed his family because of his work for the opposition party.  Ahmed contends that he cannot safely relocate within Bangladesh.

The fear of returning to Bangladesh that Ahmed faces due to new threats and violence experienced by his family members "amounts to a change in personal circumstances and does not constitute changed country conditions." *Singh v. Lynch,* 840 F.3d 220, 222-23 (5th Cir. 2016).  Furthermore, Ahmed's "briefing does not compare, in any meaningful way, the conditions" in Bangladesh at the time of his initial removal hearing and at the time he filed his motion to reopen.  *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  The BIA's decision was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it [was] arbitrary rather than the result of any perceptible rational approach"; accordingly, the BIA did not abuse its discretion in denying the motion to reopen.  *Singh*, 840 F.3d at 222 (internal quotation marks and citation omitted).

Although Ahmed disagrees with the BIA's earlier decision affirming his removal order in which the BIA concluded that he can internally relocate to avoid harm, Ahmed did not petition for review of that decision.  We therefore lack jurisdiction to review it.  *See Kane v. Holder*, 581 F.3d 231, 237-38 & n.14 (5th Cir. 2009).

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.