# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2018

Lyle W. Cayce
Clerk

No. 17-60441
Summary Calendar

JOSE GARCIA-PEREZ, also known as Jose Angel Ramos-Perez, also known as Israel Garcia, also known as Jose Garcia Perez,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 976 019

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jose Garcia-Perez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings.  Garcia-Perez sought to reopen proceedings so that he could seek asylum based on changed country conditions, as well as cancellation of removal.  He asserts that the BIA abused its discretion in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion to reopen because the evidence he presented demonstrates that the present day Mexican society discriminates against Zapotec indigenous people like himself.

The BIA determined that Garcia-Perez failed to show that a material change occurred in Mexico between his 2011 removal hearing and the time he filed his motion to reopen in 2016. The BIA's decision was not "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted). At most, the evidence Garcia-Perez presented demonstrates a continuation of discrimination against indigenous people in Mexico, which is insufficient in showing a change in country conditions. *See Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016). Thus, the BIA did not abuse its discretion in denying the untimely motion to reopen. *See id.*

Garcia-Perez also argues that his due process rights were violated because a transcript of his prior removal proceedings was never provided to him or made part of the record. This court lacks jurisdiction to review this claim because Garcia-Perez never presented it to the immigration judge or the BIA. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Accordingly, Garcia-Perez's petition for review is DENIED IN PART AND DISMISSED IN PART for lack of jurisdiction.