# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2019

Lyle W. Cayce
Clerk

SANDRA LOPEZ-ALAS,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 883 374

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Sandra Lopez-Alas, a native and citizen of El Salvador, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her motion to reopen the proceedings in order to rescind her 2005 *in absentia* order of deportation or, alternatively, to adjust status. Lopez-Alas asserts that (1) the BIA abused its discretion in finding that her untimely motion to reopen was not subject to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an exception based on changed country conditions and (2) the BIA and IJ erred in not addressing her argument that she qualifies for withholding of removal under the Convention Against Torture (CAT).  Lopez-Alas does not contest the BIA's denial of her motion to remand based on new evidence and does not challenge the BIA's refusal to sua sponte reopen her removal proceedings; therefore, she has abandoned those issues.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

This court generally has authority to review only the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  However, review of the IJ's ruling is permissible when, as here, the BIA has "adopted all or part of the IJ's reasoning" or the ruling impacts the BIA's decision.  *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).  The BIA's decision is reviewed for an abuse of discretion.  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Ordinarily, an alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.23(b)(1).  However, there are no timeliness limitations on filing a motion to reopen if the reason for the motion is to apply for asylum, withholding of removal, or relief under the CAT and the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii); § 1003.23(b)(4)(i).  Lopez-Alas does not present sufficient evidence to challenge the BIA's conclusion that the evidence supporting her motion to reopen did not make "a meaningful comparison between the conditions at the time of the removal hearing and the conditions

No. 18-60353

at the time [she] filed her motion to reopen." *Garcia Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018).

We have upheld the denial of motions to reopen "where the evidence of changed conditions shows only a continuance of ongoing violence in the home country." *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016). Moreover, a change in personal circumstances does not constitute a showing of changed country conditions. *See id.* at 222-23. Accordingly, because Lopez-Alas presented evidence of only continuing and ongoing gang violence and changed personal circumstances, she cannot demonstrate that the BIA abused its discretion in affirming the IJ's denial of her motion to reopen. *See Gomez-Palacios*, 560 F.3d at 358; *Singh*, 436 F.3d at 487.

Lopez-Alas's assertion that the BIA was required to address the merits of her CAT claim regardless of whether she could show changed country conditions is without merit. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016) (stating that this court need not reach claims regarding eligibility for protection under the CAT after concluding that the BIA did not abuse its discretion in affirming the IJ's denial of the motion to reopen based on petitioner's failure to demonstrate changed country conditions); 8 C.F.R. § 1003.23(b)(4)(i).

Accordingly, Lopez-Alas's petition for review is DENIED.