**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2020

Lyle W. Cayce
Clerk

No. 19-60172
Summary Calendar

_____

ESTELA MARIA AJPACAJA-CASTRO; NEMIAS JOSE VASQUEZ-AJPACAJA,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 273 238
BIA No. A208 273 239

_____

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Estela Maria Ajpacaja-Castro and her minor son Nemias Jose Vasquez-Ajpacaja, natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals (BIA) denying their motion to reopen their removal proceedings. They contend that the BIA abused its discretion when it did not find that previously unavailable evidence of changed country conditions

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60172

in Guatemala justified relief.  They filed, inter alia, evidence suggesting that a family member whose abuse and harassment contributed to their decision to leave Guatemala asked about their current location and issued threats.  Also, they filed a statement from an academic that, inter alia, purported to analyze the relationship between gang violence and the status of indigenous people and women in Guatemala and to detail the poor response of Guatemalan officials to gender-related violence against indigenous women.  They further submitted the 2017 Country Report on Human Rights Practices for Guatemala.

The BIA properly compared the conditions in Guatemala at the time of the petitioners' removal hearing with the conditions there when they moved to reopen.  *See Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018); *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  The evidence as to the enduring interest of, and continuing threats from, their family member does not show a material change in country conditions and, at best, reflects a continuation or change in personal circumstances.  *See Nunez*, 882 F.3d at 508; *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016).

The remaining evidence either does not offer a comparison between the conditions at the time of the removal hearing and at the time of the motion to reopen or fails to show changed country conditions.  *See Ramos-Lopez*, 823 F.3d at 1026; *Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005).  The evidence instead supports that the conditions at issue are ongoing and have not changed meaningfully during the relevant period.  *See Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019), *cert. denied*, 2020 WL 129570 (U.S. Jan. 13, 2020); *Nunez*, 882 F.3d at 508-09.

Because the BIA's decision was not capricious, racially invidious, utterly without foundation in the evidence, or so irrational that it was arbitrary, the

No. 19-60172

BIA did not abuse its discretion in denying the petitioners' motion to reopen. *See Singh*, 840 F.3d at 222.  Therefore, the petition for review is DENIED.