# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2020

Lyle W. Cayce
Clerk

No. 19-60493

LEONARDO ANDRES ORELLANA-JULIAN,

    Petitioner,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

    Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089-716-964

Before WIENER, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

    Leonardo Andres Orellana-Julian asks us to reverse the Board of Immigration Appeals's determination that his motion to reopen is without merit and to remand for reconsideration. For the same reasons articulated by the BIA, we decline to do so and, therefore, deny his petition for review.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60493

I

Orellana-Julian entered the United States illegally on December 1, 2002.[1] Nearly seven years later, the Government filed a Notice to Appear ("NTA") with the Immigration Court, charging Orellana-Julian with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). To avoid removal, Orellana-Julian submitted applications for asylum, withholding of removal, and relief under the Convention Against Torture. On January 19, 2012, the Immigration Judge ("IJ") issued an oral decision denying each of Orellana-Julian's applications. Orellana-Julian failed to appeal the IJ's decision until February 22, 2012, one day past the thirty-day filing deadline. Accordingly, the BIA dismissed his appeal as untimely.

More than five years later, Orellana-Julian moved to reopen his case based on changed personal circumstances.[2] The IJ denied the motion to reopen, observing that a change in personal circumstances is not a change in country conditions that would justify a motion to reopen. *See Singh v. Lynch*, 840 F.3d 220, 222–23 (5th Cir. 2016). Orellana-Julian timely filed an appeal to the BIA, contesting the denial of his motion to reopen. While that appeal was pending, the Supreme Court issued its ruling in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), holding that an NTA that omits the time and place of the removal hearing is defective and does not trigger the "stop-time" rule. Based on this ruling, Orellana-Julian filed a supplemental motion to reopen and requested that his case be remanded based on his belief that he was eligible for

---

[1] The record provides competing information, in some places stating that Orellana-Julian entered the United States in 2001, not 2002. Because he cannot establish ten years of residence regardless of if he entered in 2001 or 2002, we use the date of entry Orellana-Julian provides in his briefing on appeal.

[2] Orellana-Julian provided evidence that his sister had been kidnapped by a Maoist group in Peru.

cancellation of removal because his NTA was defective. The BIA dismissed the appeal and denied his motion to reopen.

In its ruling, the BIA determined that Orellana-Julian's motion to reopen was untimely because the IJ's decision became final on February 21, 2012, but Orellana-Julian did not submit his motion until May 31, 2017, five years after the ninety-day filing period had passed. Although an untimely request to reopen may be excused when a petitioner shows changed circumstances in his country of origin, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reiterated the IJ's ruling that a change in personal circumstances does not constitute a change in country conditions that would permit an out-of-time filing.

Next reviewing Orellana-Julian's motion to reopen to apply for cancellation of removal, the BIA likewise concluded that the motion was both untimely and number-barred. It also concluded that the motion lacked merit, observing that an NTA that is deficient because it fails to include the time and place of an alien's initial removal hearing is remedied by the subsequent service of a Notice of Hearing that provides the missing information. *See In re Mendoza-Hernandez*, 27 I & N Dec. 520, 529 (BIA 2019). Because the Immigration Court mailed a Notice of Hearing with the requisite information on February 25, 2009, the BIA held that the stop-time rule applied as of that date and Orellana-Julian could not establish the ten years of residence necessary to be eligible for cancellation of removal.[3]

---

[3] The BIA incorrectly stated that the remedial Notice of Hearing was sent on March 12, 2009; the record reflects that the Immigration Court first mailed Orellana-Julian a remedial Notice of Hearing on February 25, 2009.

No. 19-60493

Orellana-Julian now appeals to this court, arguing that the BIA erred in denying his motion to reopen because he is eligible for cancellation of removal and he was denied due process in his removal proceedings.[4]

## II

Because of the "strong public interest in bringing litigation to a close," *I.N.S. v. Abudu*, 485 U.S. 94, 107 (1988), we review the BIA's denial of a motion to reopen under the "highly deferential" abuse-of-discretion standard. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). The BIA abuses its discretion "when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). We review the BIA's conclusions of law de novo, but we defer "to the BIA's interpretation of immigration regulations if that interpretation is reasonable." *Id.*

## III

## A

The BIA did not abuse its discretion in denying Orellana-Julian's motion to reopen for consideration of his eligibility for cancellation of removal.[5]

---

[4] Orellana-Julian does not challenge the BIA's denial of his motion to reopen for changed personal circumstances, so this issue has been forfeited. *See, e.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.").

[5] Orellana-Julian also argues that we must remand to the BIA because the BIA failed to address whether his time and numerical limitations for filing a motion to reopen were equitably tolled. Because we agree with the BIA's determination that Orellana-Julian's motion to reopen fails on the merits, it is unnecessary to remand on the issue of equitable tolling. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")

No. 19-60493

Orellana-Julian cannot satisfy the statutory requirements for such cancellation. To be eligible for cancellation of removal, an alien must demonstrate, among other things, that he "has been physically present in the United States for a continuous period of not less than 10 years." 8 U.S.C. § 1229b(b). Under the stop-time rule, an alien's continuous presence is interrupted when he "is served a notice to appear under 1229(a)." *Id.* § 1229b(d)(1)(A). Orellana-Julian, relying on the Supreme Court's decision in *Pereira*, argues that he was never served with proper notice because his NTA failed to include the time and place of his removal hearing. *See* 138 S. Ct. at 2113–14. Therefore, he insists, the stop-time rule was not triggered, and he satisfied the requisite ten years of continuous presence.

What Orellana-Julian fails to properly account for, however, is that the Immigration Court subsequently served him with a Notice of Hearing that provided the information missing from his NTA. In *Yanez-Pena v. Barr*, this same panel held that a subsequent notice of hearing that includes the time and place of the initial removal hearing cures a deficient NTA and triggers the stop-time rule. ___ F. 3d ___, 2020 WL 960829, at \*5 (5th Cir. Feb. 28, 2020); *see also Pierre-Paul v. Barr*, 930 F.3d 684, 690–91 (5th Cir.), *petition for cert. filed*, (U.S. Dec. 16, 2019) (No. 19-779). Therefore, when the Immigration Court mailed the remedial Notice of Hearing on February 25, 2009, the stop-time rule was triggered, and his continuous physical presence came to an end. Having entered the United States in 2002, Orellana-Julian did not satisfy the ten-year presence requirement to be eligible for cancellation of removal.

B

Orellana-Julian further argues that he was ordered removed without due process because he did not receive adequate notice to appear for his removal hearing. We have held that "due process requires that an alien be provided notice of the charges against him, a hearing before an executive or

No. 19-60493

administrative tribunal, and a fair opportunity to be heard." *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). In addition to showing that these requirements were not satisfied, an alien will only receive relief if he also demonstrates that the violation resulted in "substantial prejudice." *Id.*

As explained above, Orellana-Julian was served with adequate notice of his removal proceedings on February 25, 2009 and was granted the opportunity to be heard. But even if adequate notice had not been provided, "no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019). Therefore, Orellana-Julian's due process claims are without merit, and the BIA did not abuse its discretion in denying his motion to reopen.

\*    \*    \*

The petition for review is DENIED.

6