# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60806
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2020

Lyle W. Cayce
Clerk

JUAN PABLO ASITIMBAY-MUYUDUMBAY,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 796 476

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Juan Pablo Asitimbay-Muyudumbay, a native and citizen of Ecuador, has petitioned for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from an order by an immigration judge (IJ) denying his motion to reopen his in absentia removal proceedings. The BIA, adopting the IJ's decision, disposed of the motion on the bases that Asitimbay-Muyudumbay did not file material and previously unavailable evidence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60806

establishing changed country conditions in Ecuador and, alternatively, failed to show his prima facie eligibility for the relief that he requested.

We review the denial of the motion under "a highly deferential abuse-of-discretion standard" and will uphold the decision of the immigration court if it is not capricious, racially invidious, utterly without foundation in the evidence, or irrational. *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016). We may affirm on either ground identified by the BIA. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 n.2 (5th Cir. 2019).

Asitimbay-Muyudumbay maintains that he showed a material change in country conditions. He also contends that he showed his prima facie eligibility for asylum. Because he has not addressed his requests for withholding of removal or protection under the Convention Against Torture, he has abandoned those claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

While Asitimbay-Muyudumbay has not set forth the protected ground on which his claim relies, he has not shown his prima facie eligibility for asylum on any potential basis. He has failed to present or identify evidence supporting that his attackers—who targeted him in separate and apparently unconnected incidents—harmed him due to a protected ground rather than for personal or criminal reasons. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). His purported connection to a personal land dispute does not implicate any protected ground. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348, 352-53 (5th Cir. 2002); *Adebisi v. INS*, 952 F.2d 910, 912 (5th Cir. 1992). Also, he has not asserted or shown that anybody—regardless of whether they are associated with the land dispute—would have a continued or renewed interest in him if he returns to Ecuador. His speculation that he will be harmed and his general

No. 18-60806

concern about crime in Ecuador are insufficient.  *See Bouchikhi v. Holder*, 676 F.3d 173, 181-82 (5th Cir. 2012); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Thus, he has not shown that the evidence compels a contrary conclusion as to whether he was harmed based on a protected ground or would be targeted for any reason if he returns to Ecuador.  *See Abudu*, 485 U.S. at 104; *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  He has not shown that the BIA abused its discretion in determining that he did not show prima facie eligibility for asylum.  *See Abudu,* 485 U.S. at 104-05; *Singh*, 840 F.3d at 222.  His petition for review is DENIED.