# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2020

Lyle W. Cayce
Clerk

No. 19-60334
Summary Calendar

Ousmanu Balah,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088-164-540

---

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Ousmanu Balah, a native and citizen of Cameroon, applied for asylum, withholding of removal, and relief under the Convention Against Torture. After an immigration judge (IJ) denied his application and the Board of Immigration Appeals (BIA) dismissed his ensuing appeal, Balah filed timely

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60334

motions asking the BIA to reconsider its ruling and to reopen his removal proceeding.  The BIA denied the motions, a decision Balah asks us to review.

This court examines the denial of motions to reconsider or to reopen under a highly deferential abuse-of-discretion standard.  *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).  That standard requires us to affirm the BIA's decision "so long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Questions of law are generally reviewed de novo, but we review the BIA's factual findings under the substantial-evidence test, which prevents us from overturning such findings unless the evidence compels it.  *Id.*

Balah does not specifically challenge the BIA's denial of reconsideration.  Even assuming he sufficiently raises this issue to preserve it, we discern no abuse of the BIA's discretion.  A motion to reconsider must "specify [ ] errors of law or fact in the previous order," which Balah's motion failed to do.  8 U.S.C. § 1229a(c)(6)(C); *see also Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) (affirming the denial of a motion to reconsider because the motion failed to identify "a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked").

We also reject Balah's challenge to the denial of his motion to reopen.  "A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing."  *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (internal quotation marks, alteration, and citation omitted).  Such motions are disfavored, *see I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992), and the BIA is required to deny them "unless it appears to the Board that evidence sought to be offered is material and was not available and could not

2

have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1).

The BIA concluded that various exhibits submitted with Balah's motion to reopen were previously available or else not material. In response, Balah maintains that this evidence undercut the IJ's adverse credibility finding and showed the dangers he would face in Cameroon. Yet he does not meaningfully address the issue of prior availability. Balah has offered no explanation why he could not have presented most of the exhibits at his hearing before the IJ, and we note that several were in fact presented to the IJ. In turn, while the exhibits include some references to incidents in Cameroon that postdate Balah's hearing, these incidents appear to represent a continuation of violent conditions that had existed for some time and were already reflected in record evidence. Where there has been no material change in country conditions but only "a continuance of ongoing violence," reopening is not required. *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016). Balah has thus failed to show that the denial of his motion to reopen was capricious or irrational. *See Gomez-Palacios*, 560 F.3d at 358.

Finally, Balah asserts the BIA erred by not staying his order of removal pending the determination of an I-130 Petition for Alien Relative filed on his behalf. We do not reach this claim because Balah failed to brief it. *See* Fed. R. App. P. 28(a)(8)(A); *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent he renews his motion for a stay, the motion is DENIED.

For the foregoing reasons, the petition for review is DENIED.