# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2021

Lyle W. Cayce
Clerk

No. 19-60710
Summary Calendar

Dina Margarita Alvarenga-Quijano,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 098 116 750

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Dina Alvarenga-Quijano, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the denial by the immigration judge ("IJ") of her motion to reopen the proceedings in order to rescind her 2004 *in absentia*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal order. She contends that the BIA and IJ erred in denying her motion to reopen to enable her to apply for asylum or withholding of removal on the ground that she failed to demonstrate a material change in country conditions.

Alvarenga-Quijano briefs no argument challenging the determination that (1) her removal order would not be rescinded because she had proper and actual notice of her removal hearing, (2) her motion to reopen was untimely to the extent that she asserted that her failure to appear was the result of exceptional circumstances, and (3) the motion to reopen was untimely to the extent that she sought to apply for adjustment of status. She has therefore abandoned any such theories. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

As part of her challenge to the denial of the motion to reopen to enable her to seek asylum or withholding of removal, Alvarenga-Quijano maintains, for the first time, that the BIA employed an incorrect standard of review. Because she did not first exhaust her administrative remedies as to that claim, this court lacks jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001); *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009).

"A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (internal quotation marks, alteration, and citation omitted). Such motions are disfavored, and denials are reviewed only for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). This court must affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather

than the result of any perceptible rational approach." *Cruz v. Barr*, 929 F.3d 304, 308 (5th Cir. 2019) (internal quotation marks and citation omitted).

Ordinarily, an alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). An exception is that there are no time limits on filing a motion to reopen if the reason for the motion is to apply for asylum, withholding of removal, or relief under the Convention Against Torture and the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii). Alvarenga-Quijano asserts that the BIA and IJ erred in determining that she failed to demonstrate materially changed country conditions. She renews her assertion that her sister witnessed a gang murder, that the gangs have her sister under watch, and that they will "track and get to" her if she is deported. She further asserts that, even if that amounts only to changed personal circumstances, she nevertheless has demonstrated materially changed country conditions by showing that gang violence has worsened in El Salvador since she left.

To the extent that Alvarenga-Quijano avers that she demonstrated a material change in country conditions by presenting evidence of escalating violence and growth of gang presence and power, she fails to point to any record evidence supporting the argument that conditions have materially changed since 2004, when she was removed. *See Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018); *Ramos-Lopez v. Lynch,* 823 F.3d 1024, 1026 (5th Cir. 2016). We have upheld the denial of motions to reopen "where the evidence of changed conditions shows only a continuance of ongoing violence in the home country." *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016). Moreover, a change in personal circumstances does not constitute a showing of changed country conditions. *See id.* at 222–23. Because Alvarenga-Quijano

No. 19-60710

presented evidence of only continuing and ongoing gang violence and changed personal circumstances, she cannot demonstrate that the BIA abused its discretion in affirming the IJ's denial of her motion to reopen. *See Cruz*, 929 F.3d at 308.

Accordingly, the petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.