# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2021

Lyle W. Cayce
Clerk

No. 20-60228
Summary Calendar

Luis Mauricio Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 881 816

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Luis Mauricio Martinez, a native and citizen of Honduras, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal of the denial of his motion to reopen by the immigration judge (IJ). We review the final decision of the BIA and consider the IJ's opinion where,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60228

as here, it affected the BIA's decision. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018).

The denial of a motion to reopen is reviewed for abuse of discretion. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

It is undisputed that Martinez's motion to reopen was untimely as it was filed in 2019, over a decade after the IJ's 2005 in absentia removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA did not abuse its discretion in finding that Martinez received proper notice because he was personally served with a notice to appear that reflected the time, date, and location of his hearing. *See Gomez-Palacios*, 560 F.3d at 358; § 1229a(b)(5)(A). Martinez argues that "he believed that another notice would arrive in the mail indicating his *actual* hearing date," and states that the "BIA has rescinded orders of removal based on misinterpretation or misremembering hearing dates" before, citing to a serios of unpublished BIA decisions. However, even if those decisions were precedential, they are distinguishable. Those cases involved an interpreter relaying incorrect information or lost or misplaced notices of hearing. Martinez cannot present similar exceptional circumstances which would warrant reopening.

To the extent the BIA determined that Martinez also failed to establish exceptional circumstances warranting the reopening of his removal proceedings, *see* § 1229a(b)(5)(C)(i), Martinez has abandoned any challenge to that finding by failing to brief the issue before this court, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Further, we lack jurisdiction to review the district court's refusal to sua sponte reopen Martinez's removal

No. 20-60228

proceedings. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).

Martinez argues that the normal time limit for filing a motion to reopen should also be excused because he could show changed country conditions in Honduras since the time of the IJ's original hearing in 2005. *See* § 1229a(c)(7)(C)(ii). To demonstrate changed country conditions, Martinez must draw "a meaningful comparison" between conditions in his home country at the time of the motion to reopen and those at the time of the removal hearing. *See Nunez*, 882 F.3d at 508.

We have reviewed Martinez's arguments on appeal, in conjunction with the administrative record and the 2005 State Department Report on Honduras, which was administratively noticed by the BIA. Notably, Martinez does not address the BIA's finding that his affidavit did not constitute material evidence regarding the current conditions in Honduras or the alleged threats in late 2017 against his wife's family in Honduras because his affidavit was not based upon personal knowledge. Any challenge to that determination has therefore been abandoned. *See Soadjede*, 324 F.3d at 833. Moreover, even if the BIA accepted that Martinez's wife's family in Yoro, Honduras, was the victim of threats and extortion in late 2017, Martinez did not demonstrate that those "individual incidents" were connected to a "larger material change" in the country conditions of Honduras since 2005. *See Nunez*, 882 F.3d at 509. Rather, as the IJ pointed out, the experiences of his wife's family amount to a change in personal circumstances. *See Singh v. Lynch*, 840 F.3d 220, 222-23 (5th Cir. 2016).

Based on the record, we cannot say that the BIA abused its discretion. *See Gomez–Palacios*, 560 F.3d at 358. Moreover, because Martinez does not show materially changed country conditions, we need not examine his arguments that he demonstrated eligibility for relief from removal. *See*

No. 20-60228

*Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  The petition for review is DENIED.