# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 21-60922
Summary Calendar

Tareq Hashmi Zuet,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 075 219 746

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Tareq Zuet, purportedly a native and citizen of Libya, timely petitions for review of a decision of the Board of Immigration Appeals upholding the denial of his motion to reopen. The motion was not timely submitted, so the question before the Board and now us is whether motion should have been

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60922

subject to an exemption, here a change in country conditions.   8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(3)(ii).

Motions to reopen are disfavored.  *Lara v.  Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).  Accordingly, this court reviews the denial of a motion to reopen under a "highly deferential abuse of discretion standard." *Id.*  This standard requires a ruling to stand, even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

Zuet has not shown the Board abused its discretion by holding there has not been a material change in country conditions that would exempt his motion from timeliness requirements.  The evidence supports the finding that there has been continuous violence and danger.  *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016).  Zuet also presents assertions that he would be harmed because of the length of his time away, but these types of arguments represent a change in personal conditions, not country conditions.  *See Nunez v. Sessions*, 882 F.3d 499, 510 (5th Cir. 2018).  To the extent that Zuet argues the merits of his motion, there is no basis for review, because the motion is untimely.  *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021).

DENIED.

2