# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60438
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2025

Lyle W. Cayce
Clerk

Jeann Roberto Pena-Vargas,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A038 720 062

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

   Jeann Roberto Pena-Vargas, a native and citizen of Ecuador who is currently under a reinstated order of removal, petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal of an order of an Immigration Judge (IJ) denying his motion to reopen based on changed country conditions following the denial of his request for relief

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under the Convention Against Torture (CAT).  He also moves this court for the appointment of counsel.

Motions to reopen are "disfavored" and are reviewed under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (internal quotation marks and citations omitted).  This standard requires a ruling to stand as long as "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005)).

A motion to reopen may be filed at any time if the alien presents evidence of changed country conditions. *Garcia v. Garland*, 28 F.4th 644, 648 (5th Cir. 2022); *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018); *see* 8 C.F.R. § 1003.23(b)(4)(i).  A motion to reopen may be denied if the movant fails to make a prima facie showing of eligibility for the relief sought, which entails showing a "reasonable likelihood" of eligibility for relief. *Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021).  Pena-Vargas has not met these standards.

He shows no error in connection with the BIA's conclusion that he had not shown prima facie eligibility for CAT relief due to changed country conditions. *See Garcia*, 28 F.4th at 648.; *see also Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).  We decline to consider his argument concerning his reasonable fear determination because it was presented for the first time in his reply brief. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012).

We lack jurisdiction to consider his challenge to the BIA's declining to reopen his case *sua sponte*. *See Qorane*, 919 F.3d at 911–12.  His motion for the appointment of counsel is unavailing because this case does not present exceptional circumstances warranting appointed counsel. *See Ulmer v.*

No. 24-60438

*Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The petition for review is DISMISSED in part and DENIED in part, and the motion for appointed counsel is DENIED.